# APPENDIX.

## Black & Co. v. Barr.

Argued May 9, 1900.  Appeal, No. 116, April T., 1900, by plaintiff in suit of Samuel W. Black & Co. against A. J. Barr, from judgment of C. P. No. 3, Allegheny Co., May T., 1898, No. 244, of nonsuit.  Before Rice, P. J , Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.  Reversed.  Opinion by Beaver J.  Reported 14 Pa. Superior Ct. 98.  Rice, P. J., and W. D. Porter, J., dissent.

Rice, P. J., July 26, 1900, dissenting:

Samuel W. Black, plaintiff, is a real estate broker and was employed by A. J. Barr, the defendant, to make sale of property in the city of Pittsburg.  The plaintiff found a purchaser at the price fixed by defendant, which was $65,000.  When plaintiff reported his success to defendant, the latter informed plaintiff that he controlled only six eighths of the property and that plaintiff must see other owners as to the other two eighths.  Plaintiff then negotiated with the other owners and got their consent to the sale, but in doing so, he had to induce the purchaser to pay an additional sum to each owner of those two eighths.  A contract was drawn for the sale of the whole title at the price fixed by defendant.  When defendant came to sign it, he inquired of plaintiff whether the others were getting more than at the rate he was selling, to which plaintiff replied, that he must ask Mr. Schoyer—one of the other owners.  Defendant said he knew Schoyer was getting more, also that he knew what Schoyer was getting, but nevertheless signed the contract.  Afterwards, the defendant's cotenants of the six eighths refused to consummate the sale unless they were paid at the same rate for their shares as that at which the owners of the two eighths were to be paid for theirs.  Therefore, the sale fell through.  The plaintiff sued for his commission on the six eighths of the

Dissenting Opinion.　　　[14 Pa. Superior Ct.

price fixed by the defendant. The defendant's contention is, that the plaintiff was not entitled to recover because he was lacking in that good faith and duty which he owed to his principal, in that he attempted to deceive by presenting to the defendant, his principal, a contract or receipt in which it was made to appear that he, the plaintiff, was selling the land for $65,000, whereas he was selling it for a larger amount and in that he refused to answer his principal the question as to what price the other owners of the two eighths were getting for their shares.

Assuming for the purposes of discussion that there was no actual intent to deceive the defendant by stating in the contract that the price was $65,000, still the defendant had a right to know from the plaintiff what his property would sell for, because, as his counsel says, it might be he would see fit to pay the commission and withdraw the property from sale if he was not paid at the same rate as each of the other owners. There is no evidence that he knew what any of the other owners of the two eighths, excepting Mr. Schoyer, were getting for their shares. In principle the case seems to me to be ruled by Pratt v. Patterson and I would affirm the judgment.

W. D. PORTER, J., concurs in foregoing dissent.